1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

PRIVATE RESERVE FINANCIAL, LLC, a
limited liability corporation,

             Plaintiff,

    vs.

MARINO WHITE O'FARRELL &
GONZALEZ; et al.,

             Defendants.

No. 13-cv-05788 RBL

DEFENDANTS ABRAHAM
BORENSTEIN AND ABRAHAM
BORENSTEIN & ASSOCIATES,
P.C.'S MOTION TO DISMISS FOR
LACK OF JURISDICTION UNDER
FED. R. CIV. P. 12(b)(2)

NOTED FOR HEARING:
APRIL 18, 2014

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(2), defendants Abraham Borenstein and Abraham Borenstein & Associates (collectively "Mr. Borenstein") move to dismiss all claims against Mr. Borenstein for lack of personal jurisdiction.  Mr. Borenstein is a New Jersey attorney that has not engaged in any act in Washington, does not have regular contact with Washington, nor has he purposely availed himself of the benefits of Washington or its laws.   Therefore, the Court lacks personal jurisdiction over him.  Mr. Borenstein also moves for attorney fees under Washington's Long-Arm Statute, RCW 4.28.185(5).

## II.  FACTS

Plaintiff alleges that Mr. Borenstein is a New Jersey professional corporation. (ECF No. 1 at 2 ¶ 2).  Mr. Borenstein is an attorney licensed in New Jersey.  Borenstein Dec. (ECF No. 30 at ¶¶ 1-2).   Mr. Borenstein does not have "substantial" or "continuous and

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 1
13-cv-05788 RBL
5609444.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

systematic" contacts with Washington.  (ECF No. 30 at ¶ 12(a)).    Mr. Borenstein is not licensed in Washington; has no officer, director or employee that resides or is domiciled in Washington; has no office, telephone listing, or mailing address in Washington; does not have agents in Washington; does not have bank accounts or other tangible property Washington; does not own real property in Washington; does not pay taxes in Washington; does not advertise in Washington; and has not intentionally taken any action that would subject him to the jurisdiction of Washington courts.  (*Id*. at ¶ 12(b)-(j)).  Mr. Borenstein did not reach out to Plaintiff in this matter.  (*Id*. at ¶ 11).

Plaintiff's own pleadings and papers on file support the fact that Mr. Borenstein did not reach out to Plaintiff and was not ultimately involved in the transaction at issue.  Plaintiff's President, Alisha J Mazur, testified that John Marino was a former associate of her business colleague, Kevin Ching.  (ECF No. 28-1 at ¶ 4).[1]  Mr. Marino contacted Mr. Ching looking for investors, and then allegedly contacted Ms. Mazur, who worked with Mr. Ching. (*Id*.) Mr. Marino described an investment plan to Ms. Mazur and then sent her various documents. (*Id*. at ¶¶ 4-6).  Mr. Marino made additional representations to Ms. Mazur regarding the investment. (*Id*. at ¶¶ 7-9).  Ms. Mazur requested additional specific documentation from Mr. Marino and Mr. Marino provided these documents to Ms. Mazur. (*Id*. at ¶¶ 10-14).

Plaintiff, through Ms. Mazur, signed two escrow agreements on April 9, 2009, one with Mr. Borenstein and one with defendants John Marino and JM International Commercial Consultants, Inc. (ECF 19-6); (ECF 19-19); (ECF No. 22-5); (ECF No. 22-19).  The agreement provided by Mr. Borenstein was only signed by Ms. Mazur, but the agreement provided by Mr. Marino was signed by both parties.  *Id*.  Plaintiff then proceeded to wire $ 300,000 into Mr. Marino's trust account, and Mr. Marino confirmed he had received the money.

---

[1] Plaintiff voluntarily dismissed Mr. Marino after default was entered against Mr. Borenstein. (ECF No. 25). That entry of default has now been set aside. (ECF No. 37).

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 2
13-cv-05788 RBL
5609444.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(ECF No. 28-1 at ¶ 25); (ECF No. 19-20).  **This is important.  By Plaintiff's own admission, the money at issue was not wired to Mr. Borenstein, it was wired to Mr. Marino.**  *Id.*

Not only is this important because it reflects that Mr. Botenstein never received the money at issue, but because it is consistent with the fact that the escrow agreement used was the one drafted by Mr. Marino and signed by Plaintiff and former defendant JM International Consulting, Inc., in which Mr. Marino was the escrow agent.  (ECF No. 19-19).  This is also consistent with Mr. Borenstein's testimony that Mr. Marino reached out to him in New Jersey, solicited an agreement from him, that he did not directly send Plaintiff anything in Washington, and that Mr. Borenstein never performed any work on the transaction other than drafting one document in New Jersey which was sent to Mr. Marino in New York.  (*Id.* at ¶¶ 11, 13, 14).  As such, Mr. Borenstein did not do anything to subject himself to Washington jurisdiction.

## III.  POINTS AND AUTHORITIES

### A.    Plaintiff has the burden of showing general or specific jurisdiction.

"Federal courts are courts of limited jurisdiction … It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted).  Jurisdiction is a threshold issue, and courts must address jurisdictional challenges before considering the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (soundly rejecting the approach taken by various lower courts in assuming jurisdiction for the purpose of deciding the merits).  The Court must dismiss an action if it determines that it lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  Unlike a Rule 12(b)(6) motion, a Rule 12(b)(2) motion to dismiss for lack of subject matter jurisdiction enables a court to consider "affidavits or any other evidence properly before the court," including material extrinsic to the pleadings.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 3
13-cv-05788 RBL
5609444.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1     Jurisdiction must comport with the state long-arm statute, and with the constitutional

2   requirement of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th

3   Cir. 1995).  "The Due Process Clause protects a defendant's "liberty interest in not being

4   subject to the binding judgments of a forum with which he has established no meaningful

5   contacts, ties or relations." *Id.* at 269-70 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S.

6   462, 471-72, 105 S.Ct. 2174, 2181-82 (1985)).  "[F]oreseeability of causing injury in another

7   State ... is not a 'sufficient benchmark' for exercising personal jurisdiction." *Id.* at 270 (citing

8   *Id.* at 105 S.Ct. at 2183).  Instead, the foreseeability that is critical to due process analysis is

9   that the defendant's conduct and connection with the forum State are such that he should

10  reasonably anticipate being hailed into court there. *Id.*  "[I]t is essential in each case that there

11  be some act by which the defendant purposefully avails itself of the privilege of conducting

12  activities within the forum State." *Id.* (citing *Id.* at 105 S.Ct. at 2183). "This 'purposeful

13  availment' requirement ensures that a defendant will not be hailed into a jurisdiction solely as a

14  result of 'random, fortuitous, or attenuated contacts, or of the unilateral activity of another party

15  or a third person." *Id.* (citing *Id.* at 105 S.Ct. at 2183).

16     The plaintiff bears the burden of establishing that the court has personal jurisdiction.

17  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); *Van Steenwyk v.

18  Interamerican Mgmt. Consulting Corp.*, 834 F. Supp. 336, 339 (E.D. Wash. 1993).  There are

19  two types of personal jurisdiction: general and specific.  *Fields*, 796 F.2d at 301; *Van Steenwyk*,

20  834 F. Supp. at 339; *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).

21     **B.     Washington does not have general jurisdiction over Mr. Borenstein.**

22     General personal jurisdiction exists if the defendant has 'substantial' or 'continuous and

23  systematic' contacts with the forum state. *Fields*, 796 F.2d at 301; *Van Steenwyk*, 834 F. Supp.

24  at 339; *Omeluk*, 52 F.3d at 270.  Mr. Borenstein does not have "substantial" or "continuous and

25

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 4
13-cv-05788 RBL
5609444.doc

LEE · SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

systematic" contacts with Washington.  (ECF No. 30 at ¶¶ 2, 12).  Thus, Washington does not have general jurisdiction over Mr. Borenstein.  *Omeluk*, 52 F.3d at 270.

### C.    Washington does not have specific jurisdiction over Mr. Borenstein.

The court considers two questions in determining whether specific personal jurisdiction exists: (1) whether an applicable statute confers jurisdiction, and (2) whether the assertion of such jurisdiction comports with due process.  *Pedersen Fisheries, Inc. v. Patti Industries, Inc.*, 563 F. Supp. 72, 74 (W.D. Wash. 1983).  Washington's long arm statute provides:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> (a) The transaction of any business within this state;
>
> (b) The commission of a tortious act within this state …

*Pedersen*, 563 F. Supp. at 74 (quoting RCW 4.28.185).

> The state's interpretation of its statute binds this court. Section 4.28.185 has been construed to empower the state courts of Washington to exercise their jurisdiction to the fullest extent possible under the due process clause. As a result of such a construction, the statutory and constitutional standards merge into a single due process test.

*Id.* (citations omitted).  *Van Steenwyk*, 834 F. Supp. at 340.

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416-17, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1878)).  *See also Vernon Johnson Family L.P. v. Bank One Texas, N.A.*, 80 F. Supp. 2d 1127, 1132 (W.D. Wash. 2000).  Federal due process requires that a nonresident defendant have minimum contacts with the forum state of a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 5
13-cv-05788 RBL
5609444.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).  *See also Pedersen*, 563 F. Supp. at 74-75.

To establish limited or specific personal jurisdiction, Plaintiff must demonstrate that: (1) Mr. Borenstein performed an act within Washington, purposefully availing himself of the privilege of conducting activities here and invoking the benefits and protections of Washington laws; (2) the claim must arise out of Mr. Borenstein's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *Omeluk*, 52 F.3d at 270; *Fields*, 796 F.2d at 302; *Cybersell*, 130 F.3d at 416; *Van Steenwyk*, 834 F. Supp. at 340; *Vernon Johnson Family*, 80 F. Supp. 2d at 1133.  "Each of the three tests must be satisfied to permit a district court to exercise limited personal jurisdiction over a non-resident defendant."  *Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985).

### 1.  Washington lacks minimum contacts for jurisdiction.

Minimum contacts needed for personal jurisdiction under the Due Process Clause "must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112-16 (1987).  *See also Vernon Johnson*, 80 F. Supp. 2d at 1133.  Jurisdiction is proper, "where the contacts proximately result from actions by the defendant ***himself*** that create a 'substantial connection' with the forum State." *Id.* (emphasis in original).  "The substantial connection … between the defendant and the forum State necessary for a finding of minimum contacts must come about by ***an action of the defendant purposefully directed toward the forum State***." *Id.* at 112 (emphasis in original, citations omitted).

As shown above, Plaintiff's own papers on file support the fact that Mr. Borenstein did not reach out to Washington and that he was not ultimately involved in the transaction at issue.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 6
13-cv-05788 RBL
5609444.doc

L E E • S M A R T
P.S., Inc. • Pacific Northwest Law Offices
1800 One Convention Place • 701 Pike Street • Seattle • WA • 98101-3929
Tel. 206.624.7990 • Toll Free 877.624.7990 • Fax 206.624.5944

Plaintiff signed two escrow agreements on April 9, 2009, one with Mr. Borenstein and one with defendants John Marino and JM International Commercial Consultants, Inc. (ECF 19-6); (ECF 19-19); (ECF No. 22-5); (ECF No. 22-19).   The agreement provided by Mr. Borenstein was only signed by Ms. Mazur, but the agreement provided by Mr. Marino was signed by both parties.   *Id.*   Plaintiff then proceeded to wire $ 300,000 into Mr. Marino's trust account, and Mr. Marino confirmed he had received the money. (ECF No. 28-1 at ¶ 25); (ECF No. 19-20).

Not only is this important because it reflects that Mr. Botenstein never received the money at issue, but because it is consistent with the fact that the escrow agreement used was the one drafted by Mr. Marino and signed by Plaintiff and former defendant JM International Consulting, Inc., in which Mr. Marino was the escrow agent.   (ECF No. 19-19).   This is also consistent with Mr. Borenstein's testimony that Mr. Marino reached out to him in New Jersey, solicited an agreement, that he did not directly send Plaintiff anything in Washington, and that Mr. Borenstein never performed any work on the transaction other than drafting one document in New Jersey which was sent to Mr. Marino in New York.   (*Id.* at ¶¶ 11, 13, 14).   As such, there was no action by Mr. Borenstein purposefully directed toward Washington.

### 2.   Plaintiff's claim does not "arise out of" any activities by Mr. Borenstein in Washington.

If minimum contacts are not established, the Court does not reach the second factor of specific jurisdiction as the case should be dismissed.   *See e.g., Leland v. De Havilland Aircraft Co. of Canada, Ltd.*, 987 F.2d 771 (5th Cir. 1993) ("If minimum contacts are not established, there can be no personal jurisdiction regardless of the equities of the situation"); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 541 (D.N.J. 2002) ("If minimum contacts are not established, the court does not reach this second factor of specific jurisdiction").  Here, there is no minimum contact so the inquiry should end and the case should be dismissed but, even if considered, Plaintiff also fails to meet the second factor of the test.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 7
13-cv-05788 RBL
5609444.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

To meet the second element of the due process test, Plaintiff's claim must arise out of a defendant's forum-related activities. *Fields*, 796 F.2d at 302; *Cybersell*, 130 F.3d at 416; *Van Steenwyk*, 834 F. Supp. at 340. A claim arises out of the forum-related activities if it would not have happened "but for" these activities. *Terracom v. Valley National Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Where there is no forum-related activity, the second factor cannot be met.

In *Omeluk*, *supra*, after discussing the unsettled nature of this second element, the Ninth Circuit that the "but for" test was not met because the Plaintiff would have suffered the same injury even if none of the Washington contacts had taken place. *Omeluk*, 52 F.3d at 272. *See also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir., 2000) ("any negative economic effect on the in-state plaintiff-seller did not create a determinative impact on the state economy, as 'the locus of such a monetary injury is immaterial, as long as the obligation did not arise from a privilege the defendant exercised in the forum state'"); *Costaras v. NBC Universal, Inc.*, 409 F. Supp.2d 897, 906 (N.D. Ohio 2005) ("[w]hile Plaintiffs' causes of action arise out of the interactions between the parties and the representations made and broken between them, none of those interactions took place in Ohio"); *nMotion, Inc. v. Envtl. Tectonics Corp.*, 196 F. Supp. 2d 1051, 1059-60 (D. Or. 2001) (issue is not whether a contact between the parties resulted in damage to a plaintiff, but rather whether plaintiff's "claims" would not have occurred but for the defendant's specific contacts within the state).

Here, Plaintiff signed two escrow agreements on April 9, 2009, one with Mr. Borenstein and one with defendants John Marino and JM International Commercial Consultants, Inc. (ECF 19-6); (ECF 19-19); (ECF No. 22-5); (ECF No. 22-19). Plaintiff then proceeded to wire $ 300,000 into Mr. Marino's trust account, and Mr. Marino confirmed he had received the money. (ECF No. 28-1 at ¶ 25); (ECF No. 19-20). Because the operative escrow agreement was the one drafted by Mr. Marino, not Mr. Borenstrein, and the money was wired to

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 8
13-cv-05788 RBL
5609444.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Mr. Marino, not Mr. Borenstein, Mr. Borenstein's alleged contacts with Washington were purely "fortuitous" and "attenuated," and Plaintiff's alleged damages, if any, arose out of Mr. Marino's activities in Washington.

**3.    The maintenance of the suit in Washington offends traditional notions of fair play and substantial justice.**

Finally, if a plaintiff meets its burden in showing that the first two elements are met, the court considers the third element of the due process test, and inquires whether maintenance of the suit in Washington offends traditional notions of fair play and substantial justice. *Fields*, 796 F.2d at 302; *Cybersell*, 130 F.3d at 416; *Van Steenwyk*, 834 F. Supp. at 340; *Vernon Johnson*, 80 F. Supp. 2d at 1133.

> [A]ssuming arguendo that the above two conditions were met, which they were not, the exercise of jurisdiction based thereon would not be reasonable. Although there is no mechanical or quantitative test for jurisdiction under the International Shoe reasonable standard, Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981), the Ninth Circuit has identified the following factors as relevant: (1) the extent of the purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict within the sovereignty of the defendant state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiffs' interests in convenient and effective relief; and (7) the existence of an alternative forum. Id.

*Pedersen*, 563 F. Supp. at 75-76. *See also Fields*, 796 F.2d at 302.

The court balances all seven factors, recognizing that none of the factors is dispositive in itself. *Terracom*, 49 F.3d at 561. The following analysis reflects that maintenance of the suit in Washington does offend traditional notions of fair play and substantial justice.

**a.    Mr. Borenstein did not interject himself into Washington.**

Where the court finds only minimal contact, this factor weighs against Plaintiff. *See Vernon Johnson Family*, 80 F. Supp. 2d at 1135. Mr. Borenstein did not have any intentional contacts with Washington, (ECF No. 30 at ¶ 12(j)), so this factor favors dismissal.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 9
13-cv-05788 RBL
5609444.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**b.    It is burdensome for Mr. Borenstein to defend in Washington.**

Where burdens of litigating between the two states are equal, this factor tips in favor of the defendant, because the law of personal jurisdiction is primarily concerned with the defendant's burden. *Vernon Johnson Family*, 80 F. Supp. 2d at 1135.   This factor also favors dismissal, as the respective burdens would be fairly equal, but it was Plaintiff that reached out to Mr. Borenstein in New Jersey, thereby establishing jurisdiction there.

**c.    There is conflict within the sovereignty of New Jersey, so the third factor weighs in favor of Mr. Borenstein.**

Plaintiff invokes New Jersey law by pointing out the difference in statute of limitations for legal malpractice claims and arguing that New Jersey law applies because the statute of limitations there is six years, while it is only three years here.  (ECF No. 33 at 3) ("Defendants' contention that the legal malpractice claim is barred by the Washington three year statute of limitations period is misplaced inasmuch as plaintiff alleged commission of attorney malpractice under New Jersey law, whose statute of limitations is six years. See NJSA.2A:14-1; *McGrogan v. Till*, 327 N.J. Super. 595 (2000)).  Thus, there is a material conflict between Washington and New Jersey law, and Plaintiff is invoking New Jersey law, which is therefore the proper forum to resolve this dispute.  This factor thus weighs in favor of dismissal.

**d.    Washington's interest in adjudicating the dispute is not a deciding factor.**

While Washington may have some interest in adjudicating a dispute that involves a Washington corporation, it does not have as great an interest as New Jersey, wherein Mr. Borenstein is licensed and practicing there every day.

**e.    There will likely not be a substantial difference as to the efficiency of judicial resolution of the controversy.**

Courts evaluate the efficiency of adjudicating a dispute in the forum state by looking to the likely location of witnesses and evidence. *Vernon Johnson Family*, 80 F. Supp. 2d at 1136

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 10
13-cv-05788 RBL
5609444.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(citing *Terracom*, 49 F.3d at 561).  Plaintiff may be located in Washington, but all defendants are situated in New Jersey and/or New York, and most of the witnesses and evidence will likely be there was well.  Since evidence and witnesses are primarily in the northeastern United States, the efficiency of judicial resolution of the controversy will likely be in that jurisdiction, although this particular factor does not seem to weigh heavily in favor of either party.

> **f.     It is a equal burden for the parties to litigate in Washington or New Jersey, so this factor favors dismissal.**

Here, the burden on Mr. Borenstein of defending in Washington would generally be equally to the burden on Plaintiff to sue in New Jersey.  However, as stated previously, Plaintiff initially chose reach out to New Jersey.  Here, the primary concern is for the burden on the Mr. Borenstein. Thus, this factor weighs in favor of Mr. Borenstein.

> **g.     New Jersey exists as an alternative forum.**

The plaintiff bears the burden of proving the unavailability of an alternative forum. *Vernon Johnson Family*, 80 F. Supp. 2d at 1136 (citing *Core-Vent*, 11 F.3d at 1490).   Here, New Jersey is an alternative forum, which Plaintiff has already reached out to.  New Jersey Courts are also more familiar with the laws of New Jersey, and Plaintiff invokes New Jersey law by pointing out the difference in statute of limitations for legal malpractice claims and arguing that New Jersey law applies because the statute of limitations there is six years, while it is only three years here.  (ECF No. 33 at 3) ("Defendants' contention that the legal malpractice claim is barred by the Washington three year statute of limitations period is misplaced inasmuch as plaintiff alleged commission of attorney malpractice under New Jersey law, whose statute of limitations is six years. See NJSA.2A:14-1; *McGrogan v. Till*, 327 N.J. Super. 595 (2000)).  Therefore, this factor weighs in favor of Mr. Borenstein.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 11
13-cv-05788 RBL
5609444.doc

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

### h.     Balancing the seven factors

Most, if not all, of the seven factors weigh in favor of Mr. Borenstein.  By balancing the seven factors in this case, even if Plaintiff could support the first two elements of the due process claim, which it cannot do, the exercise of jurisdiction here would not be reasonable. *See Pedersen*, 563 F. Supp. at 75-76; *Fields*, 796 F.2d at 302.  Therefore, the court should dismiss this case for lack of jurisdiction.

### D.     The case should be dismissed where Plaintiff has already voluntarily dismissed the remaining defendants.

Plaintiff voluntarily dismissed defendants Marino, White, O'Farrell & Gonzalez and JM International Commercial Consultants. (ECF No. 25).  Therefore, upon dismissal of the remaining defendants, Abraham Borenstein and Abraham Borenstein & Associates, there will be no remaining defendants and the case should be dismissed in its entirety.

### E.     Motion for attorney fees and costs pursuant to Washington's long-arm statute, RCW 4.28.185(5).

In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5).

RCW 4.28.185(5) authorizes an award of reasonable attorney fees to a defendant who, having been hailed into a Washington court under the long-arm statute, "prevails in the action". *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 112, 786 P.2d 265, 267 (1990).  The statute authorizes trial courts to award attorney fees to defendants who prevail jurisdictionally. *Id*., 114 Wn.2d at 114, 786 P.2d at 268. "Fees awards to defendants who prevail jurisdictionally thus should reflect only that amount of lawyering that reasonably should have been necessary to prevail on the jurisdictional defense." *Id*., 114 Wn.2d at 122-23, 786 P.2d at 273.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 12
13-cv-05788 RBL
5609444.doc

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2        For purposes of determining reasonable fees awards under RCW 4.28.185(5), the Court

3   favors the lodestar approach.  *Id.*, 114 Wn.2d at 124, 786 P.2d at 273.  Upon remand, the

4   Washington Supreme Court reaffirmed that it has "adopted the 'lodestar' approach for

5   determining reasonable fees awards under RCW 4.28.185(5)."  *Scott Fetzer Co. v. Weeks*, 122

6   Wn.2d 141, 153, 859 P.2d 1210, 1218 (1993).  *See also SeaHAVN, Ltd. v. Glitnir Bank*, 154

7   Wn. App. 550, 573, 226 P.3d 141, 153 (2010); *In re Marriage of Yocum*, 73 Wnh. App. 699,

8   707, 870 P.2d 1033, 1037 (1994).

9        Mr. Borenstein was served in New Jersey.  If this court grants Mr. Borenstein's motion

10  to dismiss, then attorney fees should be awarded to Mr. Borenstein.  If granted, Mr. Borenstein

11  can submit requested attorney fees by subsequent declaration.

12                              **IV.  CONCLUSION**

13       For reasons set forth above, Mr. Borenstein requests this court to dismiss plaintiff's

14  complaint and award Mr. Borenstein fees and costs pursuant to RCW 4.28.185(5).

15       Respectfully submitted this 26th day of March, 2014.

16                         LEE SMART, P.S., INC.

17                         By: s/ Marc Rosenberg
                             Marc Rosenberg, WSBA No. 31034
18                           Of Attorneys for Defendants
                             Abraham Borenstein, and
19                           Abraham Borenstein & Associates, P.C.

20                           Lee Smart, P.S., Inc.
                             701 Pike Street, Suite 1800
21                           Seattle, WA  98101
                             206-624-7990
22                           mr@leesmart.com

23

24

25

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 13
13-cv-05788 RBL
5609444.doc

1

CERTIFICATE OF SERVICE

2

3          I hereby certify that on the date provided at the signature below, I electronically filed
the preceding document with the Clerk of the Court using the CM/ECF system, which will send
notification of such filing to the following individual(s):

4

5          Dean Browning Webb                    ricoman1968@aol.com

6          I certify under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct, to the best of my knowledge.

7

8          DATED this 26th day of March 2014, at Seattle, Washington.

9                                              LEE SMART, P.S., INC.

10                                             By: s/ Marc Rosenberg
                                                   Marc Rosenberg, WSBA No. 31034
11                                                 Of Attorneys for Defendants
                                                   Abraham Borenstein, and
12                                                 Abraham Borenstein & Associates, P.C.

13                                                 Lee Smart, P.S., Inc.
                                                   701 Pike Street, Suite 1800
14                                                 Seattle, WA  98101
                                                   206-624-7990
15                                                 mr@leesmart.com

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' MOTION TO DISMISS FOR LACK OF
JURISDICTION UNDER FED. R. CIV. P. 12(b)(2) - 14
13-cv-05788 RBL
5609444.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944