Hon. Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

PRIVATE RESERVE FINANCIAL, LLC, a
limited liability corporation,

        Plaintiff,

      vs.

MARINO WHITE O'FARRELL &
GONZALEZ; JM INTERNATIONAL
COMMERCIAL CONSULTANTS, Inc., a
corporation; ABRAHAM BORENSTEIN;
and, ABRAHAM BORENSTEIN &
ASSOCIATES, P.C.,

        Defendants.

No. 13-cv-05788 RBL

DEFENDANTS ABRAHAM
BORENSTEIN AND ABRAHAM
BORENSTEIN & ASSOCIATES, P.C.'S
REPLY ON MOTION TO DISMISS
FOR LACK OF JURISDICTION
UNDER FED. R. CIV. P. 12(b)(2)

NOTED FOR HEARING:
APRIL 18, 2014

## I.  INTRODUCTION

Mr. Borenstein moved to dismiss claims against him and his firm for lack of personal jurisdiction, pursuant to Rule 12(b)(2).  (ECF No. 38).  He also moved for reasonable fees and costs under RCW 4.28.185(5).  (*Id.*)  The evidence submitted by both Mr. Borenstein and plaintiff Private Reserve Financial, LLC ("PRF") reflect that Washington courts do not have personal jurisdiction over Mr. Borenstein.  Both motions should therefore be granted.

## II.  POINTS AND AUTHORITIEIS

**A.**    **PRF's allegations are not facts and do not support jurisdiction; and there is no evidence that Mr. Borenstein initiated any communication.**

Throughout PRF's response brief, PRF repeatedly supports its arguments on the ground that it has made certain allegations.  For example, in its response brief, PRF asserts such things

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

as that "Plaintiff alleges defendants committed numerous acts of racketeering activity," and that "Plaintiff alleged facts showing defendants knew plaintiff engaged in money raising and capital venture business activities." (ECF No. 40 at 5).

> [C]onclusory allegations that "[defendants] directed communication into the U.S. Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts within the forum that support the exercise of jurisdiction over their persons by this Court" are insufficient to establish a prima facie showing of personal jurisdiction. [Plaintiff] has pointed to nothing more in his original complaint that would satisfy the requirements of due process.

*Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

PRF claims to incorporate the previously filed Mazur and Ching declarations for purposes of this motion. (ECF No. 40 at 2). Yet, PRF does not cite any facts in these declarations to support its arguments. "It behooves litigants, particularly in a case with a record of this magnitude, to resist the temptation to treat judges as if they were pigs sniffing for truffles." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010). Mere allegations set forth by PRF are not facts that will survive a motion to dismiss for lack of jurisdiction, and it is not the job of the Court to scour the record to support PRF's arguments. *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1110 (W.D. Wash. 2012).

If the Court did scour the record and looked at the Mazur and Ching declarations, it would see that most every communication, both oral and written, is between PRF and Mr. Marino in New York, not between PRF and Mr. Borenstein in New Jersey. In the only direct communication asserted between PRF and Mr. Borenstein, Ms. Mazur states she called Mr. Borenstein in New Jersey to check on his background. (ECF No. 28-1 at ¶ 20). Mr. Borenstein disputes that this communication occurred, but even if considered, it does not establish jurisdiction. There is simply no evidence that Mr. Borenstein purposefully directed any communication, written or oral, into Washington.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.**    **Contrary to PRF's arguments, 18 U.S.C. §§ 1964 and 1965 do not support a de facto exercise of jurisdiction against Mr. Borenstein.**

PRF argues Mr. Borenstein can be sued anywhere in the United States because the lawsuit was filed under RICO. "Any civil action … under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Mr. Borenstein does business in New Jersey, has no agent in Washington, and does not transact business here. (ECF No. 30 at ¶¶ 1, 2, 11, 12(b)-(j)). PRF did not offer contrary evidence. Most every communication PRF describes is between PRF and Mr. Marino, not PRF and Mr. Borenstein. In the only direct communication asserted between PRF and Mr. Borenstein, Ms. Mazur states she called Mr. Borenstein in New Jersey to check on his background. (ECF No. 28-1 at ¶ 20). While Mr. Borenstein disputes the existence of this call but, even if it occurred, it only supports the fact that he was contacted in New Jersey, and did not reach out to Washington.

Then, 18 U.S.C. § 1965(b) states:

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ***ends of justice require*** that other parties residing in any other district be brought before the court, the court ***may*** cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b) (emphasis added).

In other words, once one defendant has been sued where a Court has jurisdiction, other defendants may be hailed in from other districts. As the Ninth Circuit has unambiguously held:

For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. … Thus, merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions.

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (emphasis added).

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Here, other former defendants were from New York; but not only did PRF not sue them in New York, nor show it had jurisdiction against them here, it has dismissed them as parties. (ECF No. 25). Therefore, the only defendant now is Mr. Borenstein, so that, under § 1965(a), the suit should occur in a New Jersey district court, if anywhere. Nationwide service is not applicable to him in this case.

Likewise, for § 1965(b) to apply, service must serve "the ends of justice." The ends of justice are not met by hailing Mr. Borenstein into Washington. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 277 (D.S.C. 1999) ("The 'ends of justice' do not require this court to find venue proper in this District. … [w]ithout any other evidence demonstrating why the 'ends of justice' require haling [the defendant] into this district"); *Eastman v. Initial Investments, Inc.*, 827 F. Supp. 336, 338 (E.D. Pa. 1993) ("'the ends of justice' will hardly be threatened if I decline to exercise nationwide jurisdiction under section 1965(b) where venue is clearly proper as to every defendant in another district"). Even if all of the other factors had been met, exercise of jurisdiction must still comport with Fifth Amendment Due Process. As shown in Mr. Borenstein's motion and this reply brief, exercise of jurisdiction in Washington against Mr. Borenstein does not comport with Fifth Amendment Due Process.

PRF's authority is inapplicable. PRF argues that "due process requirements are satisfied if the defendant's contacts with the United States as a whole – not with the forum – satisfy the "minimum contacts" test of *International Shoe*." (ECF No. 40 at 3). The cases cited by PRF do not stand for what it claims. PRF cites *Butcher's Union*, 788 F.2d 535, *supra*, for the proposition that "[a] federal court obtains personal jurisdiction over a defendant if it is able to serve process on him," (ECF No. 40 at 3), but *Butcher's Union* stands for just the opposite, and specifically held that "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." 788 F.2d at 539. PRF cites *United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532 (7th Cir. 1991),

DEFENDANTS' REPLY ON MOTION TO DISMISS
FOR LACK OF JURISDICTION UNDER FED. R. CIV.
P. 12(B)(2) - 4
13-cv-05788 RBL
5655729.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

but in *United Rope*, the Seventh Circuit affirmed dismissal of the case on jurisdictional grounds where Wisconsin lacked sufficient ties with the defendant. *Id*. at 536. It is not necessary to review each of PRF's cases individually here but, needless to say, citation to them each suffers the same or similar defects as those contained in the prior two cases cited by PRF.

**C. Washington does not have general jurisdiction over Mr. Borenstein.**

General personal jurisdiction exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state. *Fields*, 796 F.2d at 301; *Van Steenwyk*, 834 F. Supp. at 339; *Omeluk*, 52 F.3d at 270. Mr. Borenstein does not have "substantial" or "continuous and systematic" contacts with Washington. (ECF No. 30 at ¶¶ 2, 12). PRF alleges that there were "continuous and regular communications between the parties," (ECF No. 40 at 3), but its conclusory allegations are not evidence. *Swartz*, 476 F.3d at 766 ("conclusory allegations … are insufficient to establish a prima facie showing of personal jurisdiction"). Washington also does not gain general jurisdiction over Mr. Borenstein because of PRF's communications with Mr. Marino, a separate person in a different state. PRF has not presented evidence or legitimate grounds suggesting that general jurisdiction is properly applied to Mr. Borenstein.

PRF raises *Presidio Group, LLC, et.al., v. Marino White O'Farrell & Gonzalez, et.als.*, cause no. 10-5196-BHS. (ECF No. 40 at 4). Dean Webb, attorney in this case and *Presidio*, filed a mass of documents in *Presidio* then moved for summary judgment. (ECF No. 35-1, Ex. 1). Judge Benjamin Settle denied an unopposed summary judgment motion, noting that every time a party appeared to defend, Mr. Webb dismissed that party. (*Id*., Ex. 2 at 2). Unable to obtain summary judgment against absent parties, Mr. Webb, on behalf of his clients, responded to the Judge's order by voluntarily dismissing the entire *Presidio* case. (*Id*., Ex. 3). Mr. Borenstein did not appear in *Presidio*, and no issues against him were litigated. There is nothing in that frivolous lawsuit that caused Mr. Borenstein to submit to Washington jurisdiction, and it certainly did not create general jurisdiction over Mr. Borenstein.

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**D.** **Washington does not have specific jurisdiction over Mr. Borenstein.**

To establish specific jurisdiction, PRF must show that: (1) Mr. Borenstein acted in Washington, purposefully availing himself of the privilege of conducting activities here and invoking benefits and protections of Washington laws; (2) any claim must arise out of Mr. Borenstein's own forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Omeluk*, 52 F.3d at 270; *Fields*, 796 F.2d at 302; *Cybersell*, 130 F.3d at 416; *Van Steenwyk*, 834 F. Supp. at 340; *Vernon Johnson Family*, 80 F. Supp. 2d at 1133. Each test must be satisfied to exercise jurisdiction over a non-resident defendant. *Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985). PRF does not meet any test and dismissal is proper.

**1.** **Mr. Borenstein does not have minimum contacts under either the "purposeful availament" or "purposeful direction" analysis.**

PRF argues the Court should apply the "purposeful direction" test the Supreme Court used in 1984, *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), rather than the "purposeful availment" test the Court used in the 2011. *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). In *Nicastro*, the Court reaffirmed that potential "foreseeability" of whether there will be an effect in a certain jurisdiction is not sufficient to establish jurisdiction. Rather, an individual must purposely avail themselves of the State's benefits to be subject to the State's jurisdiction. *Nicastro*, 131 S. Ct. at 2787 ("the sovereign's exercise of power requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws").

> The Supreme Court in *Calder* did not make the type of dramatic change in the due-process analysis of *in personam* jurisdiction advocated by the plaintiff. Rather, the so-called "effects" test is merely another way of assessing the defendant's relevant contacts with the forum State. The defendant must still "purposefully avail [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Wallace v. Herron*, 778 F.2d 391, 395 (7th Cir. 1985).

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Even if the "purposeful direction" test is applied, PRF's claims still fail. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

### a. There is no evidence of an intentional act.

PRF does not assert any specific individual intentional act against Mr. Borenstein or support it with evidence. Instead, PRF argues: "Plaintiff <u>alleges</u> defendants committed numerous acts of racketeering activity, i.e., mail fraud, wire fraud, in support of the federal RICO claims. <u>Plaintiff's allegations satisfy the intentional act requirement</u>." (ECF No. 40 at 5). PRF's "conclusory allegations … are insufficient to establish a prima facie showing of personal jurisdiction." *Swartz*, 476 F.3d at 766. Thus, PRF fails to support the first factor.

### b. Mr. Borenstein did not aim acts at Washington

PRF argues: "The Ninth Circuit defines express aiming as '***wrongful conduct*** targeted at a plaintiff whom the defendant knows to be a resident of the forum state,'" (ECF No. 40 at 5) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) (emphasis added). In addition, the *Brayton* court went on to hold:

> [S]omething more than mere foreseeability is required in order to justify the assertion of personal jurisdiction, and that "something more" means conduct expressly aimed at the forum, *see Pebble Beach*, 453 F.3d at 1156 ("We now conclude that "something more" is what the Supreme Court described as "express aiming" at the forum state.") (quoting *Bancroft*, 223 F.3d at 1087).

*Brayton*, 606 F.3d at 1129 (citation, quotation marks, and brackets omitted).

There is no evidence that Mr. Borenstein engaged in any "wrongful conduct." The Supreme Court has held that "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 127 S. Ct.

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1955, 1966, 167 L. Ed. 2d 929 (2007). *See also Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive").

The entirety of PRF's argument on express aiming is that: "Plaintiff alleged facts showing defendants knew plaintiff engaged in money raising and capital venture business activities in Washington and was involved in such activities nationwide." (ECF No. 40 at 5). Even if Mr. Borenstein was aware of what PRF says he was aware of, there is still no evidence presented of wrongful conduct. As such, PRF fails to support the second factor.

> **c. Mr. Borenstein's acts did not cause harm to PRF, where PRF's evidence proves he did not draft the operative escrow agreement and did not receive the money wired by PRF.**

In regard to the third factor of the test, PRF merely argues the one sentence assertion: "Plaintiff's claim arises out of defendant's contacts with the forum stated when the claim would not have arisen 'but for' those contacts." (ECF No. 40 at 5) (citing *Panavision Int'l v. Toeppen*, 141 F.3d 1322 (9th Cir. 1998)). The issue is not whether a contact between the parties resulted in damage to a plaintiff, but rather whether plaintiff's "claims" would not have occurred but for the defendant's specific contacts within the state. *nMotion, Inc. v. Envtl. Tectonics Corp.*, 196 F. Supp. 2d 1051, 1059-60 (D. Or. 2001).

PRF does not dispute that it signed two escrow agreements on April 9, 2009, one with Mr. Borenstein and one with Mr. Marino and JM International Commercial Consultants, Inc. (ECF 19-6); (ECF 19-19); (ECF No. 22-5); (ECF No. 22-19). Nor does PRF dispute that the operative escrow agreement was the one drafted by Mr. Marino, not Mr. Borenstrein. Nor does PRF dispute that PRF then proceeded to wire $ 300,000 into Mr. Marino's trust account, and Mr. Marino confirmed he had received the money. (ECF No. 28-1 at ¶ 25); (ECF No. 19-20). Mr. Borenstein, at the request of Mr. Marino, merely submitted a document that was not signed

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

by all parties and was never used. Mr. Borenstein did not draft the operative escrow agreement, did not act as escrow agent, and did not receive the money transfer from PRF; so the alleged damages could easily have still occurred if Mr. Marino had never been contacted. If PRF suffered any damages, such damages did not "arise out of" Mr. Borenstein's actions. Thus, PRF fails to support the third factor of the test.

### 2. The maintenance of claims against Mr. Borenstein in Washington offends traditional notions of fair play and substantial justice.

In determining whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice," we must consider seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Paccar*, 757 F.2d at 1065. None of the factors is dispositive in itself; instead, we must balance all seven.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

1. <u>Mr. Borenstein did not interject himself into Washington</u>. Mr. Borenstein never intentionally interjected himself into Washington, and there is no evidence that he did so, but even if the Court found some minimal interjection, it still considers the degree of interjection, may find any such interjection attenuated, and this factor may still favor dismissal. *Core-Vent Corp.*, 11 F.3d at 1488. There was no interjection here, but even if the Court believes minimal interjection exists somehow, it can consider its attenuated nature. This factor favors dismissal.

2. <u>It is burdensome for Mr. Borenstein to defend in Washington</u>. PRF argues: "The burden on defendants to litigate in Washington is low. Defendants have not demonstrated they suffer from illness or maladies to prevent them from litigating here." (*Id*. at 6). PRF did not provide authority reflecting that illness or maladies are required to show burden. PRF does not dispute that, where burdens of litigating between the two states are equal, this factor tips in

DEFENDANTS' REPLY ON MOTION TO DISMISS
FOR LACK OF JURISDICTION UNDER FED. R. CIV.
P. 12(B)(2) - 9
13-cv-05788 RBL
5655729.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

favor of the defendant, because the burden on the defendant is the primary concern. *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1330 (9th Cir. 1985); *Vernon Johnson Family*, 80 F. Supp. 2d at 1135. This factor tips in favor of dismissal.

3. <u>There is conflict with the sovereignty of New Jersey</u>. Mr. Borenstein argued Washington's statute of limitations on legal malpractice actions as a grounds for dismissal, and PRF has responded the New Jersey statute applies. (ECF No. 33 at 3). PRF now argues that "[n]othing in the record suggests the presence of any sovereignty conflicts." (ECF No. 40 at 6). PRF does not recognize the express conflict of law here, but the Court can see that the record does contain the conflict. This factor favors dismissal.

4. <u>Washington's interest in adjudicating the dispute is not a deciding factor</u>. Both Washington and New Jersey have an interest in adjudicating the dispute. Washington has an interest is protecting its corporations and New Jersey has an interest in overseeing the actions of its licensed attorneys, such as Mr. Borenstein. While each state has a fairly equal interest adjudicating the matter, this factor may slightly favor exercising jurisdiction. But it is the only factor that favors doing so, and is not a deciding factor.

5. <u>The efficiency of judicial resolution of the controversy</u>. Plaintiff argues that its witnesses and evidence are here so that this is a more convenient jurisdiction for it to litigate. (ECF No. 40 at 6). PRF may be located in Washington, but all defendants and former defendants are situated in New Jersey and/or New York, so most of the witnesses and evidence for the case is there as well. Since evidence and witnesses are primarily located in the northeastern United States, the efficiency of judicial resolution will be in that jurisdiction. This factor slightly favors dismissal, as "the burden on the defendant is the primary concern." *Pac. Atl. Trading Co.*, 758 F.2d at 1330.

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6. **The equal burden for the parties to litigate in Washington or New Jersey favors dismissal.** Without explaining why, "Plaintiff contends that litigating outside of Washington would be burdensome," (ECF No. 40 at 7), while at the same time arguing: "The burden on defendants to litigate in Washington is low. Defendants have not demonstrated they suffer from illness or maladies to prevent them from litigating here." (*Id.* at 6). Mr. Borenstein indicated that the burden to litigate in either jurisdiction would be fairly equal, and this is certainly a more believable position. The equality of burdens slightly favors dismissal, as "the burden on the defendant is the primary concern." *Pac. Atl. Trading Co.*, 758 F.2d at 1330.

7. **New Jersey exists as an alternative forum.** "The plaintiff bears the burden of proving the unavailability of an alternative forum." *Core-Vent*, 11 F.3d at 1490. Mr. Borenstein indicated that New Jersey exists as an alternate forum. PRF indicates that its witnesses and evidence are here, and it would be more expensive for it to litigate in New Jersey, but that is not the question. Mr. Borenstein merely needs to identify an alternative forum, which he has done. This factor favors dismissal.

**E.    Attorney fees and costs should be awarded pursuant to RCW 4.28.185(5).**

RCW 4.28.185(5) authorizes an award of reasonable fees to a defendant who, having been hailed into a Washington court under the long-arm statute, prevails in the action. *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 112, 786 P.2d 265, 267 (1990). PRF argues attorney fees are not warranted because PRF allegedly acted in good faith and there is no showing of harassment. (ECF No. 40 at 7). The Ninth Circuit rejects this argument.

> CTV first contends that the action was filed in good faith and thus that an award of attorney's fees is precluded under a "special circumstances" doctrine. We reject this argument because, under Washington law, regardless of whether the action was filed in good faith, the burdens and inconveniences placed on a defendant over whom long-arm jurisdiction was improperly asserted are sufficient to justify an award of attorney's fees.

*Confeccoes Texteis de Vouzela, Lda. v. Space Tech Sys. Inc.*, 968 F.2d 1220 (9th Cir. 1992).

DEFENDANTS' REPLY ON MOTION TO DISMISS
FOR LACK OF JURISDICTION UNDER FED. R. CIV.
P. 12(B)(2) - 11
13-cv-05788 RBL
5655729.doc

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

The Court may also consider factors that reflect that PRF, and/or its counsel, have unreasonably multiplied the litigation, and have a history of attacking parties that have not appeared, both of which support the propriety of an award under RCW 4.28.185(5). The Court may note that PRF moved for default two days after the deadline to file an answer; then when counsel for Mr. Borenstein made contact to discuss stipulating to set the default aside, PRF moved for entry of default rather than returning the calls, voluntarily dismissed all other defendants, and opposed the motion to set aside default. (ECF No. 12, 13, 15, 18, 25, 29-31). The default was subsequently set aside. (ECF No. 37). This is also at least the second case in which Mr. Webb filed a RICO complaint against the same defendants, and tried to litigate against absent parties. (ECF No. 35, 35-1). Such vexatious behavior is grounds for fees under 28 U.S.C. § 1927, and is certainly grounds for an award under RCW 4.28.185(5). An award of fees is reasonable in this case. This motion only relates to entitlement to reasonable fees, does not request a specific amount of fees, and leaves that issue to a subsequent filing.

### III. CONCLUSION

For reasons set forth above, Mr. Borenstein requests this court to dismiss PRF's complaint and award Mr. Borenstein fees and costs pursuant to RCW 4.28.185(5).

Respectfully submitted this 17th day of April, 2014.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendants
    Abraham Borenstein, and
    Abraham Borenstein & Associates, P.C.

Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
mr@leesmart.com

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed
the preceding document with the Clerk of the Court using the CM/ECF system, which will send
notification of such filing to the following individual(s):

Dean Browning Webb                    ricoman1968@aol.com

I certify under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct, to the best of my knowledge.

DATED this 17th day of April 2014, at Seattle, Washington.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendants
    Abraham Borenstein, and
    Abraham Borenstein & Associates, P.C.

    Lee Smart, P.S., Inc.
    701 Pike Street, Suite 1800
    Seattle, WA 98101
    206-624-7990
    mr@leesmart.com

DEFENDANTS' REPLY ON MOTION TO DISMISS
FOR LACK OF JURISDICTION UNDER FED. R. CIV.
P. 12(B)(2) - 13
13-cv-05788 RBL
5655729.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944