HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRIVATE RESERVE FINANCIAL,
LLC,

                    Plaintiff,

          v.

ABRAHAM BORENSTEIN,
ABRAHAM BORENSTEIN &
ASSOCIATES, P.C.,

                    Defendants.

CASE NO. C13-5788 RBL

ORDER GRANTING MOTION TO
DISMISS

THIS MATTER is before the Court on Abraham Borenstein's motion to dismiss for lack of personal jurisdiction. [Dkt. 38]. Borenstein is a New Jersey attorney. Plaintiff PRF sued him, his law firm (Abraham Borenstein & Associates, P.C.), and a variety of other defendants for RICO violations after an investment deal went south, for reasons that remain unclear. Borenstein argues that he has had virtually no contact with this state and that the Court does not have personal jurisdiction over him or his law firm. PRF's claim of personal jurisdiction is based primarily on a RICO-specific expansion of personal jurisdiction to include out of jurisdiction entities who acted in concert with ones over which the court does have jurisdiction. But that rule does not apply where, as here, there are no other defendants in the case. PRF

cannot meet its burden of demonstrating jurisdiction, and its claims against Borenstein are dismissed for lack of personal jurisdiction.

## I.   BACKGROUND

PRF claims that it participated in what turned out to be a fraudulent investment scheme. Borenstein's involvement was limited (even in the Plaintiff's version of the facts) to accepting a phone call from Washington and drafting an escrow agreement in New Jersey.  When the money was lost, PRF sued most of the individuals involved, including Borenstein.  It has since dismissed the other defendants, leaving only its RICO, fraud, and malpractice claims against Borenstein.  [Dkt. 25].

Borenstein challenges this court's personal jurisdiction over him.  He does not have an office, employee, or any other presence in the state of Washington, and never travelled here in connection with the transaction.  PRF generally alleges that there were ongoing and continuous communications between it, Borenstein and the other various defendants.  As for specific contact, PRF's claim of personal jurisdiction over Borenstein appears to arise from a single call that its president, Alisha Mazur, made to him in New Jersey to check on since-dismissed defendant Marino's background.  Borenstein denies that this communication ever took place.

Borenstein claims that this court lacks either specific or general personal jurisdiction over him.  PRF argues that personal jurisdiction exists under RICO's nationwide service provision, but also that personal jurisdiction exists independent of that statute.  Because PRF relies on an inaccurate application of RICO, and because this Court cannot support exercise of either general or personal jurisdiction, Borenstein's motion to dismiss is GRANTED.

## II.   DISCUSSION

### A.  12(b)(2) Personal Jurisdiction Standard

The Court must dismiss an action if it determines that it lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  Jurisdiction is a threshold issue, and courts must address jurisdictional challenges before considering the merits of a case.  *Steel co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (rejecting approach by various lower courts in assuming jurisdiction for purpose of deciding on the merits).  Unlike a Rule 12(b)(6) motion, a Rule 12(b)(2) motion to dismiss for lack of subject matter jurisdiction enables a court to consider "affidavits or any other evidence properly before the court," including material extrinsic to the pleadings.  *Doe v. Unocal Corp.*, 248 F.3de 915, 922 (9th Cir. 2001).

In the context of a challenge to the Court's jurisdiction, a plaintiff's factual allegations are construed in the light most favorable to him.  Plaintiff is required only to make a prima facie showing of personal jurisdiction.  *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1082, 1087 (Fed. Cir. 2003).

Washington's long-arm statute (RCW 4.28.185) represents legislative intent to assert personal jurisdiction over a foreign entity to the full extent permitted by due process.  *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 465 (1999).  "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In Washington, courts use three criteria to determine specific jurisdiction: (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected

with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *Perry v. Hamilton*, 51 Wn. App. 936, 939 (1988); *see also Freestone Capital Partners, L.P. v. MKA Real Estate Opportunity Fund*, 155 Wash. App. 643, 652–53 (2010) (quoting *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 767 (1989)).

### 1. Purposeful Direction

To determine whether it has personal jurisdiction to hear tort claims, the Court applies the purposeful direction, *Calder*-effects test. *Calder v. Jones*, 465 U.S. 783 (1983); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). To satisfy the purposeful direction test, the plaintiff must allege that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

The Ninth Circuit construes the intent required in an intentional act to mean "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004). In the only direct contact alleged all Borenstein did was answer an phone call.

The second prong of the purposeful direction test, express aiming, has proven difficult to define and apply consistently. *Attachmate Corp. v. Public Health Trust of Miami-Dade County Fla.*, 686 F.Supp.2d 1140, 1147 (W.D.Wash. Jan. 13, 2010) (citing, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 22 F.3d 1082, 1087 (9th Cir. 2000) (express aiming "hardly defines itself");

*Wyatt Tech. Corp. v. Smithson*, 2005 WL 6132329, at *3 (C.D.Cal. Aug. 30, 2005) (application of express aiming element has been "somewhat inconsistent)).

The Ninth Circuit has held the express aiming requirement satisfied when the defendant allegedly "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters*, 22 F.3d at 1087. Here, plaintiff has not alleged any action initiated or directed by Borenstein to Washington, he answered a phone call from that state, his other conduct appears to be limited to New Jersey or New York.

### 2. Arise from or cause of

Because PRF has not established minimum contacts, the second factor does not need to be reached. *See Leland v. De Havilland Aircraft Co. of Canada*, 987 F.2d 771 (5th cir 1993); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 541 (D. N.J. 2002). Even if PRF had established minimum contacts, however, the claim does not arise out of Borenstein's activities.

A claim arises out of the forum-related activities if it would not have happened 'but for' these activities. *Terracom v. Valley National Bank*, 49 F.3d 555, 5 61 (9th Cir. 1950). The issue is not whether a contact between the parties resulted in damage to a plaintiff, but rather whether plaintiff's claims would not have occurred but for the defendant's specific contacts within the state. *nMotion, Inc. v. Envtl. Tectonics Corp.* 196 F. Supp. 2d 1051, 1059-1060 (D. Or. 2001). PRF's allegations about Borenstein's conduct reveal that his involvement, if any, is too fortuitous and attenuated to its alleged damages, which arose out of Mr. Marino's activities.

### 3. Notions of Justice

Finally, if a plaintiff meets its burden of showing that the first two elements are met, the court considers the third element of the due process test: whether maintenance of the suit in Washington offends traditional notions of fair play and justice. *Fields*, 796 F.2d at 302;

*Cybersell*, 130 F.3d at 416; *Van Steenwyk*, 834 F.Supp at 340; *Vernon Johnson*, 80 F. Supp. 2d at 1133.  Factors that should be considered for fair play and substantial justice are: (1) the extent of the purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict within the sovereignty of the defendant state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Pedersen*, 563 F. Supp. At 75-76.  *See also Fields*, 796 F.2d at 302.  All factors are considered with no single one being dispositive. *Terracom*, 49 F.3d at 561.

### a.      Personal interjection into the forum State's affairs

Because there was, at most, minimal contact, this factor weighs against plaintiff.  *See Vernon Johnson Family*, 80 F.Supp 2d at 1135.  PRF has not demonstrated minimal contact. This factor favors Borenstein.

### b.      Burden on the defendant

Where burdens of litigating between the two states are equal, this factor tips in favor of the defendant, because the limit of personal jurisdiction is primarily concerned with the defendant's burden.  *Vernon Johnson Family*, 80 F. Suppp. 2d at 1135.  This factor favors Borenstein.

### c.      Extent of conflicts with the sovereignty of Defendant's state

Plaintiff invokes New Jersey law by pointing to its longer limitations period applicable to its legal malpractice claim: New Jersey has a six year limitations period, Washington's is three. Dkt. #33.  This factor favors Borenstein.

#### d.      Forum State's Interest in Adjudicating the Dispute

Washington has an interest in adjudicating the case because it is obligated to protect its residents form the tortious acts of non-resident defendants.  *See Perkumplulan Investor Crisis Center Dressel – WBG v. Regal Financial Bancorp, Inc.*, 781 F.Supp.2d 1098, 1117-1119 (W.D. Wash 2011); *Attachmate Corp. v. Pub. Health Trust of Miami-Dade County Fla.*, 686 F.Supp.2d 1140, 1149 (W.D. Wash).  New Jersey has an interest because Borenstein is licensed and practicing there.  This lone factor favors the plaintiff.

#### e.      Most Efficient Judicial Resolution

Courts evaluate the efficiency of adjudicating a dispute in the forum state by looking to the likely location of witnesses and evidence.  *Vernon Johnson Family*, 80 F. Supp. 2d at 1136 (citing Terracom, 49 F.3d at 561).  The bulk of the evidence here appears to be in New Jersey.  This factor favors Borenstein.

#### f.      Importance of the forum to plaintiff's interest in convenient and effective relief

The convenience to PRF obviously favors PRF.  But in this circuit, the plaintiff's convenience is not of paramount importance.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002).

#### g.      Existence of an alternative forum

Plaintiff complains about the increase in attorney's fees and other costs to litigate in federal court in New Jersey.  But it admits that it could do so.  This factor favors Borenstein.

#### h.      Balancing the factors

The majority of factors to be considered favor Borenstein.  This court's exercise of jurisdiction would therefore offend traditional notions of fair play and justice.

**B. Jurisdiction Under RICO**

In the absence of specific personal jurisdiction, PRF argues that this Court has personal jurisdiction over Borenstein because it has alleged that he (and others) violated RICO.   It argues that RICO provides nationwide service of process, meaning if the party can be served, the court has jurisdiction.   This is not accurate.   The law states, rather, that once one defendant has been sued where a court has personal jurisdiction, other defendants may be hailed in from other districts:

> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b).  The Ninth Circuit has held that naming a party in a RICO action is not, by itself, enough to establish personal jurisdiction over that party:

> For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators… thus, merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions.

*Butcher's Union Local No. 498, United Food & Commercial Works v. SDC Inv., Inc.*, 288 F.2d 535, 539 (9th Cir. 1986).  Even under his broad reading of the rule, Borenstein would only be subject to this Court's jurisdiction under RICO if the Court had jurisdiction over one of his alleged co-conspirators.  But because he is the sole remaining defendant, the Court must have personal jurisdiction over him on some basis other than being a named party in a RICO complaint.  The Court does not have specific personal jurisdiction over him.  In the absence of other defendants, RICO does not cure that defect.

**C. Fees**

Washington State's long-arm state gives the Court discretion to award reasonable fees to a defendant who prevails in the action.  RCW 4.28.185(5); *Scott Fetzer Co., Kerby Co. Div. v. Weeks*, 114 Wn.2d 109, 112, 786 P.2d 265, 267 (1990).  The Court declines to exercise the discretionary award of fees in this case.

### III.    CONCLUSION

This Court finds that there is no personal jurisdiction over Borenstein.  Further, PRF has not met their burden to show that: (1) Borenstein did any act required for jurisdiction; (2) that their claim arose from Borenstein's activity; and (3) that the exercise of jurisdiction would be reasonable.  For these reasons, the motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE